PETERSON, Judge.
The State of Florida appeals the grant of a writ of habeas corpus by the circuit court upon the petition of Roger Hunt. We quash the decision of the circuit court and remand with directions to deny the petition for writ of habeas corpus.
An Ohio grand jury charged Hunt with engaging in a pattern of corrupt activity, conspiracy, and receiving stolen property. *229 The offenses involved several persons who would burglarize buildings in Ohio and then transport the stolen goods to Florida where Hunt, allegedly cognizant of the thefts, would receive, retain, or dispose of the stolen property in Sanford, Florida. Hunt was arrested in Florida, and pursuant to the Ohio Governor’s Warrant of Rendition, extradition proceedings were initiated in Florida. Hunt challenged extradition through a petition for writ of habeas corpus, which was granted.
The circuit court reasoned that, in view of the state’s concession that Hunt was not in Ohio at any time relevant to the charges in the Ohio indictment, section 941.03, Florida Statutes (1989), precluded extradition. Under that statute, a demand for extradition cannot be recognized unless it alleges that the accused was in the demanding state at the time of the alleged crime and thereafter fled. The court also relied upon the methods for challenging an indictment set forth in Michigan v. Doran, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978). In Doran, the Supreme Court determined that, once a governor has demanded extradition, a court considering release on habe-as corpus can do no more than decide:
1. Whether the extradition documents on their face are in order;
2. Whether the petitioner has been charged with a crime in the demanding state;
3. Whether the petitioner is the person named in the request for extradition; and
4. Whether the petitioner is a fugitive.
439 U.S. at 290, 99 S.Ct. at 535.
The circuit court indicated that the Ohio indictment failed the second and fourth prongs of the Doran test. The second prong was satisfied, however, since Hunt was charged with violations of the Ohio Revised Code in three separate counts of the indictment. Hunt’s physical presence in the State of Ohio when the crimes allegedly were committed and a subsequent departure from that state are not essential to the extradition since section 941.06 of the Florida Statutes contemplates the situation where technically one is not a fugitive from the state seeking extradition. The fourth prong, while important in the facts underlying the opinion in Doran, is not an appropriate consideration in the crimes contemplated by section 941.06. In Doran, the person sought by the demanding state had been in that state and had fled from the jurisdiction of the state. In contrast, section 941.06 provides:
941.06 Extradition of persons not present in demanding state at time of commission of crime—
The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in section 941.03 with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, and the provisions of this chapter, not otherwise inconsistent, shall apply to such cases, even though the accused was not in that state at the time of the commission of the crime, and has not fled therefrom.
(Emphasis added).
In State v. Soto, 423 So.2d 362 (Fla. 1982), the Florida Supreme Court held that there was compliance with the statutory requirements of Florida’s Extradition Act where the indictment substantially charged the petitioner with the commission of a crime under the laws of Virginia and the “supporting documents clearly apprise Soto of the claim that the acts with which he is being charged occurred in Florida, but intentionally resulted in the commission of a crime in Virginia.” Soto, 423 So.2d at 365 (emphasis added). In so holding, the court quoted from the decision of another state supreme court:
A criminal who acts in one state to commit crimes in another may pose a far more serious problem to the latter state than one who commits a crime there and then flees from justice ... [T]he criminal who operates from without the state’s borders poses a continuing threat ... Far more divisive than a state’s refusal to extradite a fugitive for a past offense *230 would be its unwitting provision not only of a base of operation but of an asylum for those who commit crimes without being personally present at the place where their crimes are consummated.
Soto, at 364, quoting In re Cooper, 53 Cal.2d 772, 349 P.2d 956, 3 Cal.Rptr. 140, cert. denied and appeal dismissed, 364 U.S. 294, 81 S.Ct. 104, 5 L.Ed.2d 83 (1960).
The Ohio indictment charged Hunt with violations of the Ohio Revised Code and alleged that Hunt’s acts intentionally resulted in violations of the Ohio code. Whether the State of Ohio has jurisdiction over Hunt and whether it can prove the elements of the crimes charged are questions for the Ohio courts.
WRIT QUASHED; REMANDED with directions.
W. SHARP and COWART, JJ., concur.